UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNCOMMON GROUNDS COFFEE & TEA, INC.,
                Plaintiff,
v.

UNCOMMON GROUNDS, INC.
                Defendant.

Civil Action No:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Uncommon Grounds Coffee and Tea, Inc. (hereinafter "Plaintiff"), brings the below complaint against Defendant Uncommon Grounds, Inc. (hereinafter "Defendant"), alleging the following:

## PARTIES

1. Plaintiff, Uncommon Grounds Coffee and Tea, Inc., is a New York State corporation organized and operating under the laws of New York with a principal office at 402 Broadway, Saratoga Springs, NY 12688.

2. Upon information and belief, Defendant, Uncommon Grounds, Inc., is a corporation organized and operating under the laws of Massachusetts with a principal office at 575 Mt Auburn Street, Watertown, Massachusetts 02472.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement and false designation of origin under Lanham Act, 15 U.S.C. §§ 1051 *et. seq.*, and for unfair competition under common law and M.G.L.A. 93A § 9.

4. This court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331, 1338, 1367 and 15 U.S.C. §§ 1116 and 1121.

1

5. This court has personal jurisdiction over the Defendant, pursuant to M.G.L.A. 223A § 2, by virtue of Defendant's existence as a corporation formed under the laws of the Commonwealth of Massachusetts, as well as Defendant's principal place of business within the state.

6. Venue is proper in the District of Massachusetts based on 28 U.S.C. § 1391(b)(2) because Defendant conducts business in this judicial district and a substantial part of the events giving rise to these claims occurred in this judicial district.

## BACKGROUND

7. Plaintiff is a restaurateur offering coffee, tea and breakfast goods, among other products, as well as restaurant services and related services, to its customers.

8. Plaintiff owns the right, title and interest in U.S. Trademark Registration No. 2,929,897 for UNCOMMON GROUNDS covering "coffee and tea" in International Class 030, and "restaurant services" in International Class 042 (the "Uncommon Grounds Mark"), and registered at the United States Patent and Trademark Office on March 8, 2005. This registration is incontestable, valid and subsisting and therefore constitutes *prima facie* evidence of the validity of the mark set forth in the registration and Plaintiff's exclusive right to use the mark in connection with the goods and services set forth in the registration.

9. Plaintiff has used the Uncommon Grounds Mark in commerce since at least as early as August 6, 1992. Certificate of Registration covering Plaintiff's registered mark is attached hereto as **Exhibit A**.

10. Plaintiff opened in 1992, adopting the Uncommon Grounds Mark to convey Plaintiff's efforts in sourcing specialty coffee beans. Since 1992, Plaintiff has offered services such as restaurant services, take out restaurant services and bakery store services, and goods such as

2

coffee, tea, flavored coffee, and flavored tea among other goods and services, in interstate commerce in connection with the Uncommon Grounds Mark.

11. Plaintiff operates out of approximately 4 physical locations as well as online, servicing customers around the United States. Plaintiff is planning to add numerous more physical locations throughout the United States, including into Massachusetts.

12. The Uncommon Grounds Mark has been and is used extensively by Plaintiff in offering its goods and services including on its website, mobile app, physical locations, advertisements and promotions. The Uncommon Grounds Mark has been used in connection with substantial consumer sales as well as in advertising and promotion and function as an identifier of goods and services originating from, sponsored by, or associated with the Plaintiff. Plaintiff and the Uncommon Grounds Mark has acquired an extensively acclaimed reputation for excellence in the provision of its goods and services.

13. Plaintiff has spent and continues to spend large sums of money in the advertisement, promotion and sale of its goods and services under the Uncommon Grounds Mark, and by reason of such advertising and the high quality of its goods and services carrying such marks, Plaintiff enjoys a valuable goodwill and an enviable reputation with respect to its trademarks and service marks and, in particular, the goods and services associated therewith.

Defendant and its Unauthorized Use of the Uncommon Grounds Mark

14. Upon information and belief, Defendant, Uncommon Grounds, Inc., is a corporation formed in the Commonwealth of Massachusetts and operates as a restaurant and café offering at least coffee, bakery store services, take out restaurant services and restaurant services.

15. Upon information and belief, Defendant began doing business well after Plaintiff's use and application for registration of the mark UNCOMMON GROUNDS. As such, Plaintiff's

use of the Uncommon Grounds Mark predates the existence of Defendant by nearly five years. And, thus Plaintiff has priority of use and registration over the Defendant.

16. Upon information and belief, Defendant has offered its coffee, bakery store services, take out restaurant services and restaurant services, among other things, to consumers under the name "UNCOMMON GROUNDS" and "MY UNCOMMON GROUNDS", marks confusingly similar to the Uncommon Grounds Mark.

17. Defendant owns and operates a website located at the URL myuncommongrounds.com, which indicates that they offer goods and services related and often identical to Plaintiff's goods and services. See:



https://www.myuncommongrounds.com/.

18. For example, the front-page of Defendant's website advertises its "specialty lattes" as well as their restaurant offerings. See:

1092235.1



https://www.myuncommongrounds.com/.

19. Defendant advertises its "UNCOMMON GROUNDS" and "MY UNCOMMON GROUNDS" products and services at least through its website and social media sites such as Facebook, Instagram and TikTok.

20. Defendant's products and services are offered to the same types of consumers to whom Plaintiff's products and services are offered.

21. Defendant's use of "UNCOMMON GROUNDS" and "MY UNCOMMON GROUNDS" in connection with the goods and services described above is confusingly similar to Plaintiff's Uncommon Grounds Mark, due, in part, to the highly similar appearance, sound and connotation of the marks themselves, and due to the similarity of goods, services and respective trade channels.

1092235.1

22. Defendant has used and continues to use infringing variations of the Uncommon Grounds Mark after these marks were used and registered by Plaintiff in the commercial market in which both the Defendant and Plaintiff compete.

23. On March 7, 2019, Plaintiff sent a cease and desist letter to Defendant demanding that the Defendant immediately cease and desist all unauthorized use of the Uncommon Grounds Mark, or any similar variation thereof, as a trademark in connection with its coffee and café services, including in connection with its website and physical locations, and in association with the advertisement, promotion or sale of its products and services. *See* **Exhibit B**. After Defendant responded by asserting use of the trademark as early as 1998, Plaintiff reiterated its demand to Defendant in a reply letter stating Plaintiff's priority dating back to 1992. *See* **Exhibit C**. As of the date of the filing of the instant Complaint, Defendant failed to cease use of its infringing mark, and Defendant's use of its "UNCOMMON GROUNDS" and "MY UNCOMMON GROUNDS" marks continued with knowledge of Plaintiff's rights.

24. Upon information and belief, Defendant was aware of Plaintiff's use and/or application to register UNCOMMON GROUNDS prior to Defendant's use of the same mark. Due to the Defendant's knowledge of Plaintiff's Uncommon Grounds Mark, Defendant has had and continues to have bad faith intent to profit commercially from the Uncommon Grounds Mark.

## **COUNT I – TRADEMARK INFRINGEMENT OF U.S. REG. NO. 2,929,897 UNDER 15 U.S.C. § 1114**

25. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 24 as if they were stated in full herein.

26. Plaintiff owns the rights to United States Registered Trademark No. 2,929,897 for "UNCOMMON GROUNDS".

27. Defendant has used in commerce, without Plaintiff's consent, designations that use the term "Uncommon Grounds" which constitute reproductions, counterfeits, copies or colorable imitations of the "UNCOMMON GROUNDS" mark in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

28. Specifically, Defendant has used confusingly similar variations of the "UNCOMMON GROUNDS" mark in the promotion, offering and sale of coffee, and restaurant services.

29. Defendant's activities created a likelihood that consumers will be confused as to source, sponsorship, and/or affiliation, or to cause mistake or to deceive.

30. The actions of Defendant described in this Count I constitute trademark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

31. The actions of Defendant described in this Count I have also caused damage to Plaintiff, for which Plaintiff should be compensated by Defendant.

## COUNT II – FALSE DESIGNATION OF ORIGIN UNDER UNDER 15 U.S.C. § 1125(a)

32. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 31 as if they were stated in full herein.

33. Defendant has, without Plaintiff's consent, on or in connection with products and services, used colorable imitations of the Uncommon Grounds Mark in commerce in a manner which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of Defendant with Plaintiff and its goods and services bearing the Uncommon

Grounds Mark, and/or as to the origin, sponsorship, and/or approval by Plaintiff of Defendant's unauthorized goods and services.

34. The actions of Defendant described in this Count II constitute false designations of origin in violation of 15 U.S.C. § 1125(a). Defendant's acts have cause and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

35. The actions of Defendant described in this Count II have also caused damage to Plaintiff for which Plaintiff should be compensated by Defendant.

## COUNT III –UNFAIR COMPETITION
## UNDER M.G.L. c. 93A § 11 AND COMMON LAW

36. Plaintiff repeats and reasserts all allegations in Paragraphs 1 through 35 as if they were stated in full herein.

37. As a corporation, Defendant is a "person" within the meaning of G.L. c. 93A, § 1(a).

38. At all relevant times hereto, Defendant was engaged in trade or commerce as contemplated by G.L. c. 93A, § 11, including, but not limited to, conducting business within the Commonwealth.

39. Defendant employed unfair and/or deceptive practices as prohibited by G.L. c. 93A, §§ 2, 11 in connection with its intentional deception, fraud, misrepresentation, or the concealment, suppression or omission of a material fact, such as that Plaintiff and Defendant are not affiliated.

40. Specifically, Defendant has infringed the Uncommon Grounds Mark and continues to do so by marketing and/or selling goods and services using colorable imitations of the Uncommon Grounds Mark.

41. Defendant's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendant's acts are restrained by this Court, Defendant's deceptive business practices will continue, and the public will continue to suffer great and irreparable injury.

42. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or as to origin, sponsorship, or affiliation of Defendant by Plaintiff.

43. Upon information and belief, Defendant took these intentional acts with the intention to benefit from Plaintiff's goodwill and reputation.

44. The conduct constituting the unfair and deceptive acts and practices as alleged herein occurred primarily and substantially within the Commonwealth, within the meaning of G.L. c. 93A, §§ 2, 11.

45. Defendant's violations of G.L. c. 93A, § 11 were willful and knowing, as they were designed to improperly benefit from Plaintiff's goodwill and reputation.

46. As a direct and proximate result of Defendant's violations of G.L. c. 93A, Plaintiff has sustained damages in an amount to be determined at trial, plus costs and attorney's fees.

47. Under G.L. c. 93A, §§ 2, 11, because Defendant's violations were willful and knowing, Plaintiff is entitled to double or treble damages, reasonable attorney's fees and all costs and expenses associated with this litigation.

48. Plaintiff, as a cause of action and ground for relief, alleges that Defendant is engaging in unfair competition and misappropriation in violation of the common law of the Commonwealth of Massachusetts.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Uncommon Grounds Coffee and Tea, Inc. prays:

a) that Defendant be found to have infringed Plaintiff's rights in the Uncommon Grounds Mark and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b) that Defendant, its officers, directors, employees, agents and affiliated entities, and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from infringing the Uncommon Grounds Mark, or any colorable imitation thereof, and from unfairly competing with Plaintiff in any manner whatsoever, and from engaging in false designation of origin in any other manner;

c) that Defendant be required to deliver up and/or to destroy any and all products and other items infringing the Uncommon Grounds Mark in its possession, as well as all labels, literature, and advertisements bearing the Uncommon Grounds Mark, together with any means for producing the same;

d) that Defendant be ordered to pay damages to Plaintiff adequate to compensate Plaintiff for the actions described in this Complaint, that such damages be trebled, and that Defendant be ordered to pay Plaintiff's costs in bringing this action, including prejudgment and post-judgment interest, and that Defendant be ordered to pay Plaintiff's reasonable attorneys' fees as recoverable under G.L. c. 93A; and

e) that Plaintiff have any such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

**UNCOMMON GROUNDS COFFEE & TEA, INC.**
PLAINTIFF,
By its attorney,

*/s/ JAMES E. GALLAGHER*_____
James E. Gallagher, Esq. BBO# 677588
DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place, 37th Floor
Boston, MA  02108
(617) 367-2500
jgallagher@davismalm.com


*Of Counsel* (*Pro Have Vice Pending*)

*/s/ Nicholas Mesiti,* _____
Nicholas Mesiti, Esq.
Thomas L. Sica, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203
Telephone: (518) 452-5600
Facsimile:  (518) 452-5579
Email: nick.mesiti@hrfmlaw.com
Email: thomas.sica@hrfmlaw.com

*Attorneys for Plaintiff, Uncommon Grounds Coffee and Tea, Inc.*

Dated: February 21, 2024